UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>    Plaintiff,<br><br>v.<br><br>CERTIFIED NURSING ASSISTANT CAMACHO, et al.,<br><br>    Defendants. | Case No. 21-cv-02431-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; SERVING COGNIZABLE CLAIM; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM FOR GLOBAL SETTLEMENT PROCEEDINGS; STAYING ACTION; AND DIRECTIONS TO CLERK** |

## I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at California State Prison - Sacramento, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Venue is proper because the events giving rise to the claim is alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named as Defendants two members of the medical staff at SVSP: Certified Nursing Assistants ("CNAs") Camacho and Valdez. Dkt. 1 at 1.[1] Plaintiff seeks monetary and punitive damages. *Id.* at 5.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following claims that took place in the Spring of 2021.

First, Plaintiff claims that on February 15, 2021, while he was in "C Facility 5 Block," Defendant Camacho harassed Plaintiff by approaching his cell "when prison officials were not in the pod asking Plaintiff to masturbate [and] stating to Plaintiff [']if you don[']t comply I will punish you for all the lawsuits you filed against officers.[']" Dkt. 1 at 4-5. Plaintiff claims that Defendant Camacho "continued to threaten Plaintiff stating [']I know you like to file grievances and you know I will punish you nigger if you don't show me your penis.[']" *Id.* at 5. Plaintiff claims that he "complied out fear." *Id.* Plaintiff alleges Defendant Camacho's "continued the retaliation for over four weeks." *Id.*

Plaintiff further claims that on March 15, 2021 at approximately 12:00 pm, Defendants Camacho and Valdez retaliated against Plaintiff by verbally threatening him by stating that he would be punished for filing grievances and lawsuits against SVSP prison officials and medical staff, including his claims against E. Perez and C. Martinez for stealing Plaintiff's money out of his trust account. *Id.* at 3-4. Defendant Camacho "came to Plaintiff's cell door asking Plaintiff to see his penis and then wrote Plaintiff a CDCR [Form] 115 for [indecent exposure] then began laughing." *Id.* at 4.

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from

2

continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).

Plaintiff has stated a cognizable First Amendment retaliation claim against Defendant Camacho. Plaintiff has not stated a cognizable constitutional claim against Defendant Valdez. Although Plaintiff alleges that Defendant Camacho approached him with Defendant Valdez, he does not allege that Defendant Valdez was present when Defendant Camacho asked to see Plaintiff's penis. The complaint's factual allegations regarding Defendant Valdez's alleged retaliatory conduct seems speculative. Therefore, Plaintiff's First Amendment claim against Defendant Valdez is DISMISSED. Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will DISMISS this First Amendment claim against Defendant Valdez with leave to amend. If Plaintiff chooses to amend his complaint and re-plead his claim against Defendant Valdez, Plaintiff must proffer enough facts to state a plausible claim that Defendant Valdez acted in a retaliatory fashion as a result of Plaintiff's constitutionally protected activity. It is not enough for Plaintiff to state that Defendant Valdez was present during Defendant Camacho's alleged retaliatory actions, and instead Plaintiff must link Defendant Valdez to his retaliation claims.

Finally, to the extent that Plaintiff's complaint states a claim against Defendants Camacho and Valdez of verbal harassment and threats, such a claim is DISMISSED. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

### III. PRO SE PRISONER MEDIATION PROGRAM

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The conferences shall be conducted with Plaintiff as well as

3

Defendants and/or the representative for Defendants attending by videoconferencing.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Robert Illman for global settlement proceedings pursuant to the Pro Se Prisoner Mediation Program, involving the instant matter and other cases filed by Plaintiff. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time, and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable First Amendment retaliation claim against Defendant Camacho.

2. Plaintiff's claim against Defendants Camacho and Valdez of verbal harassment and threats is DISMISSED.

3. Plaintiff's action is referred to the Pro Se Prisoner Mediation Program for global settlement proceedings, involving the instant matter and other cases filed by Plaintiff. The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

4. The Court DISMISSES with leave to amend the First Amendment retaliation claim against Defendant Valdez. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this Order. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-cv-02431-YGR (PR) and the words "AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint *all* the claims he wishes to present, including any amended

4

claims against Defendant Valdez and the First Amendment claim against Defendant Camacho, which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in the following: (1) the dismissal of all claims against Defendant Valdez; (2) the initial complaint (Dkt. 1) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

5. The following Defendant(s) shall be served: **Certified Nursing Assistant Camacho at SVSP.** Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (Dkt. 1), this Order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If Defendant has not waived service and has instead been served by the USMS, then Defendant shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

7. All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. The Clerk shall include a copy of a blank complaint form with a copy of this Order to Plaintiff.

11. In view of the referral to the Pro Se Prisoner Mediation Program, after the operative complaint has been served on the aforementioned named Defendant(s) against whom Plaintiff has alleged cognizable claim(s), all other further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case

is not settled, the Court will enter a scheduling order for further proceedings.

IT IS SO ORDERED.

Dated:  September 30, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge